No. 95-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

MONTANA DEPARTMENT OF STATE LANDS,

    Plaintiff and Appellant,

  v.

BALCRON OIL COMPANY, a Kentucky corporation,

    Defendant and Respondent.

FILED

FEB 22 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Ninth Judicial District,
                In and for the County of Pondera,
                The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tommy H. Butler, Special Assistant Attorney
        General, Montana Department of State Lands,
        Helena, Montana

Submitted on Briefs:  February 8, 1996

Decided:  February 22, 1996

Filed:

_____
             Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

On May 17, 1988, the Montana Department of State Lands filed a declaratory judgment action in the Ninth Judicial District Court in Pondera County to legally verify the amount of royalties owed to the State of Montana on Montana Oil and Gas Lease No. 14,049-72, leased by Balcron Oil Company (Balcron). On September 11, 1990, the District Court issued an order in which it (1) granted partial summary judgment to the Department of State Lands on the basis of its conclusion that Balcron could not take deductions from the State's royalties for its operating costs, and (2) concluded that Balcron owed no royalty on its Montana Power Company tax reimbursements. The Department of State Lands appeals that part of the District Court's order which concluded that no royalty was due on Balcron's tax reimbursements. We reverse that part of the District Court's order.

## FACTUAL BACKGROUND

On September 12, 1972, the Montana Department of State Lands issued Oil and Gas Lease No. 14,049-72 to Mountain Fuel Supply Company. On November 20, 1981, Mountain Fuel Supply Company assigned to Balcron Oil Company all of its rights in the lease

2

"from the surface of the ground to the total depth drilled (1033 feet) in Assignee's No. 1E-16 State Well." Balcron sold natural gas from the lease to the Montana Power Company pursuant to a January 1, 1978, gas purchase contract for a price equivalent to the Canadian Border Price with adjustments for pressure base, BTU content, and currency adjustments. On December 13, 1983, Balcron and the Montana Power Company amended the earlier gas purchase contract in a letter agreement. Pursuant to the amended agreement, the Montana Power Company agreed to pay Balcron tax reimbursements on production taxes paid on the working interest share of gas produced and sold on the well.

The gas produced from Balcron's lease was subjected to gathering and compression by Balcron before the gas was sold to the Montana Power Company at a point off the leasehold. Balcron did not use any gas from the lease to power any gathering, compression, or processing functions. The cost of processing the gas to make it of pipeline quality, however, did cost Balcron $.56/1000 cubic feet of gas to $.66/1000 cubic feet of gas. The Montana Power Company paid between $2.38/1000 cubic feet of gas and $3.28/1000 cubic feet of gas for the processed pipeline quality gas.

The gas produced from Oil and Gas Lease No. 14,049-72 was measured and monitored by a wellhead metering device. Balcron paid a flat 12½ percent royalty payment to the Department of State Lands based upon these measurements. Prior to paying its royalties to the State, however, Balcron deducted between $.56/1000 cubic feet of gas and $.66/1000 cubic feet of gas produced from the lease for

3

gathering, compression, processing, and off-lease transportation costs. In addition, Balcron did not pay royalties on the additional consideration it received from the Montana Power Company in the form of tax reimbursements.

On November 18, 1987, pursuant to audit findings issued by the Montana Department of Revenue, the Department of State Lands demanded that Balcron pay royalties on all payments it had received from the Montana Power Company for purchase of natural gas from the #1E-16 well, without any deductions for gathering, dehydration, compression, and transportation charges from the royalty money paid to the State of Montana. On May 17, 1988, the Department of State Lands filed a declaratory judgment action in the Ninth Judicial District Court to compel Balcron to pay royalties on both its operating costs and on its tax reimbursements. On September 11, 1990, the District Court granted partial summary judgment to the Department of State Lands on the basis of its holding that Balcron could not take deductions for gathering, compression, processing, or transportation charges from the royalty payment due to the State. The court also held, however, that Balcron did not owe the State of Montana additional compensation from the Montana Power Company reimbursements.

## DISCUSSION

On appeal the Montana Department of State Lands raises the following issue:

> Whether the State of Montana, as Lessor, is entitled to receive a royalty of 12½% of all sums received by the Lessee, for the sale of gas produced from State of

4

> Montana Oil and Gas Lease No. 14,049-72, including payments designated by the purchaser of the gas as "tax reimbursements."

The Department maintains that both the Montana Code Annotated and the Montana Administrative Rules require the remittance of royalties on tax reimbursements received by lessees from the purchaser of production. In addition, the Department cites abundant case law for the proposition that the computation of state and federal royalty payments necessarily includes both the gas purchase price and the reimbursed severance tax. *See, e.g., Mesa Operating Ltd. Partnership v. United States Dept. of Interior* (5th Cir. 1991), 931 F.2d 318, *cert. denied* (1992), 502 U.S. 1058; *Hoover & Bracken Energies, Inc. v. United States Dept. of Interior* (10th Cir. 1983), 723 F.2d 1488, *cert. denied* (1984), 469 U.S. 821; *Enron Oil & Gas Co. v. State, Dept. of Natural Resources* (Utah 1994), 871 P.2d 508; *Cities Service Oil & Gas Corp. v. State* (Wyo. 1992), 838 P.2d 146; *FMP Operating Co.* (1991), 121 IBLA 328; *Wheless Drilling Co.* (1973), 13 IBLA 21.

Balcron Oil Company has failed to file a responsive brief and has thus failed to address the Department's arguments on appeal. Because of Balcron's failure to file a brief, we will assume that the Department's claim has merit. Therefore, we reverse that part of the District Court's order which concluded that Balcron owed no royalties on its tax reimbursements from the Montana Power Company. However, whether further amounts are due the State pursuant to this decision will still depend on whether actual tax reimbursements were made to Balcron.

_____
Justice

5

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6